**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

JERRY CLARK NICHOLS, :
:
    Petitioner, : CRIMINAL ACTION NO.
: 2:04-CR-00044-RWS
v. :
: CIVIL ACTION NO.
UNITED STATES OF AMERICA, : 2:09-CV-00008-RWS
:
    Respondent. :

## **ORDER**

This case is before the Court for consideration of Petitioner's Amended Motion to Vacate, Set Aside, and Correct Sentence [143][1] and Petitioner's Motion for Bond [150]. After reviewing the record, the Court enters the following Order.

Petitioner was originally charged in a two-count Indictment charging him with manufacturing marijuana in Count One and Possession With Intent to Distribute Marijuana in Count Two. In the case, the Government filed a Sentencing Information pursuant to 21 U.S.C § 851 providing notice that

---

[1] The Amended Motion was filed pursuant to the Court's Order [142] granting Petitioner's Motion [138] to amend the original Motion to Vacate, Set Aside or Correct Sentence [133].

Petitioner would be subjected to the enhanced sentencing provisions of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 851.

In the Section 851 Notice, the Government relied on two prior Georgia convictions to enhance Petitioner's sentence. Petitioner informed his attorney that he had received a full and unconditional pardon for those sentences.

On July 17, 2006, Petitioner entered into a Plea Agreement [97] with the Government. The Agreement required Petitioner to plead guilty to Count One of the Indictment and was based on his maximum term of imprisonment being a life sentence and a minimum term of imprisonment of ten (10) years. The Government agreed that it would move to dismiss Count Two of the Indictment upon sentencing of Petitioner.

The Plea Agreement included a waiver of appeal and post-conviction remedies as follows:

> To the maximum extent permitted by federal law, the [Petitioner] voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, including a Section 2255, except that the [Petitioner] may file a direct appeal of:
>
> (1) A departure based on U.S.S.G. § 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

2

> (2) A sentence higher than the otherwise applicable advisory guideline range; and/or
>
> (3) The Court's adverse determination (Doc. No. 85 and 72-1) of his pre-trial Motion to Suppress Evidence [Doc. No. 34-1];
>
> (4) The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may also file a direct appeal of his sentence.

Plea Agreement [97-1] at ¶11.

On October 19, 2006, Petitioner was sentenced to a ten-year prison term, a ten-year term of supervised release and $5,000 fine. Petitioner's property was also forfeited.

On October 24, 2006, Petitioner filed a Notice of Appeal. In Petitioner's Appellate Brief, the use of convictions for which he had been pardoned as a basis for enhancing his sentence was not raised as an error. On September 12, 2007, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction. U.S. v. Nichols, 248 Fed. App. 105 (11th Cir. 2007).

A Petition for Rehearing by Petitioner was denied, and Petitioner did not seek certiorari to the Supreme Court.

3

Petitioner timely filed his Section 2255 Motion, and the Court subsequently granted Petitioner leave to file the Amended Motion which is presently before the Court for consideration.

Petitioner raised the following claims in his Motion: (1) his guilty plea was involuntary based on ineffective assistance of counsel; (2) his guilty plea violated due process; and (3) counsel was ineffective for failing to challenge the Section 851 enhancement at sentencing and on appeal and for failing to challenge the denial of safety valve relief on appeal. All of these claims except the safety valve claim rely upon Petitioner's contention that convictions for which he had been pardoned should not have served as a basis for a Section 851 enhancement. Thus, if Petitioner's contention is wrong, each of those claims must fail.

Petitioner asserts that a conviction for which a petitioner has received a pardon cannot be considered by the court. He relies on *Ex Parte* Garland, 71 U.S. 333, 380-381 (1867) wherein the Supreme Court stated:

> A pardon reaches both the punishment prescribed for the offense and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out the existence of guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offense.

4

In response, the Government cites a number of cases in which courts have upheld the enhancement of sentences based upon prior pardoned offenses. Petitioner asserts that each of the cases cited by the Government can be distinguished from the present case or is not binding on this Court. However, the Court finds that the following decisions are instructive on this issue.

In <u>Carlesi v. N.Y.</u>, 233 U.S. 51 (1914), the Supreme Court held that a state court could consider a federal conviction for which the defendant had received a presidential pardon for purposes of enhancing a state sentence. Petitioner asserts that the <u>Carlesi</u> decision does not govern a situation such as the present one where the effect of a state pardon of a state offense is being used to enhance the sentence for a federal crime in federal court. While it is true that the present issue was not before the Court, the Court did state, albeit in dicta, that it "must not be understood as in the slightest degree intimating that a pardon would operate to limit the power of the United States in punishing crimes against its authority to provide for taking into consideration past offenses committed by the accused as a circumstance of aggravation, even although for such past offenses that had been a pardon granted." <u>Id.</u> at 59.

In Donald v. Jones, 445 F.2d 601(5th Cir. 1971),[2] the petitioner challenged the use of a felony conviction in New Mexico for which he had received a pardon to enhance a sentence in state court in Texas. The court held that "the pardon does not vitiate the effect of defendant's felony conviction for the purpose enhancement.. . . A pardon for any other reason than subsequent proof of innocence does not obliterate the defendant's previous transgressions." Id. at 606 (internal citations and quotations omitted).

In U.S. v. Carmichael, 560 F.3d 1270 (11th Cir. 2009), the defendant challenged the use of pardoned convictions in the calculation of his criminal history category under the Sentencing Guidelines. Relying on commentary to the Guidelines, the court held that the district court had not erred in calculating the criminal history category by including convictions for which he had been pardoned, "[b]ecause the pardons were not based on [defendant's] innocence." Id. at 1275, n.4.

---

[2] The U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the U.S. Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

6

The United States Sentencing Guidelines contemplate the use of pardoned convictions to enhance sentences.

> A number of jurisdictions have various procedures pursuant to which previous convictions may be set aside or the defendant may be pardoned for reasons unrelated to innocense or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction. Sentences resulting from such convictions are to be counted. However, expunged convictions are not counted.

U.S.S.G. § 4A1.2, Application Note 10.

Based on these authorities, the Court concludes that the use of convictions for which a defendant has been pardoned may be used to enhance a sentence if the conviction has not been expunged. Because Petitioner's convictions have not been expunged, considerations of those convictions for the Section 851 enhancement was not improper. Therefore, counsel were not ineffective in advising Petitioner regarding the entry of his plea or in failing to challenge the enhancement on appeal. Further, Petitioner's due process rights were not violated as a result of guilty plea premised on his being subject to the Section 851 enhancement.

The final claim raised by Petitioner is that his appellate counsel was ineffective for failing to preserve the safety valve argument on appeal.

7

However, the Court finds that Petitioner waived the right to make this challenge. The record clearly establishes that Petitioner was specifically questioned about the waiver of appeal and collateral attack during the plea colloquy, and Petitioner knowingly and voluntarily waived his right to appeal. Moreover, the validity and enforceability of the waiver was considered on direct appeal and upheld.

Based on the foregoing, Petitioner's Motion and Amended Motion to Vacate, Set Aside, and Correct Sentence [133 and 143] are **DENIED**. Also, in light of this ruling, Petitioner's Motion for Bond [150] is **DENIED**.

**SO ORDERED** this   27th   day of January, 2012.

_____
**RICHARD W. STORY**
United States District Judge

8